UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE JAMES JOHNSON, JR.,

Plaintiff,

v.

STANISLAUS COUNTY SHERIFF'S DEPT., et al.,

Defendants.

No. 2:26-cv-2294 CSK P

ORDER

Plaintiff is a pretrial detainee proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On July 16, 2026, plaintiff was ordered to submit an affidavit in support of his request to proceed in forma pauperis or the required filing fee. (ECF No. 3.) On August 3, 2026, plaintiff filed an affidavit in support of his request to proceed in forma pauperis, along with a certified trust account statement, in his earlier-filed case, Johnson v. Stanislaus County, No. 2:26-cv-2205 SCR P (E.D. Cal.), but the same documents mailed for filing in the instant case were not received by the Court. (ECF No. 6 at 1.) Because of the difficulties plaintiff encountered, and the financial information provided in No. 2:26-cv-2205 SCR P is timely, and in the interest of judicial economy, the Court will take judicial notice of plaintiff's filings in No. 2:26-cv-2206 SCR P

(ECF Nos. 9, 10).[1] In Case No. 2:26-cv-2206 SCR P, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Id. Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On August 3, 2026, plaintiff filed an amended complaint as of right. As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. PLAINTIFF'S COMPLAINT

In his first claim, plaintiff alleges that defendant Nune, an officer employed by the Stanislaus County Jail, opened plaintiff's legal mail to the U.S. District Court and removed evidence. (ECF No. 5 at 2.) Further, plaintiff alleges that postage has been removed from his outgoing legal mail on another occasion, delaying or preventing filings, which interfered with plaintiff's constitutional right of access to the courts. (Id.)

In his second claim, plaintiff alleges that before his preliminary hearing, while plaintiff was represented by counsel, defendant Detective McKee had plaintiff removed from his cell for the purpose of obtaining plaintiff's phone password, violating plaintiff's Sixth Amendment right

to counsel. (Id.)

In his third claim, plaintiff alleges a violation of his Fourteenth Amendment rights, citing "conditions of confinement," and claiming that two weeks after he filed a PREA report, he was placed on a 24 hour lockdown because of that report, which included being handcuffed to a belly chain secured to a table. (Id. at 3.)

Fourth, plaintiff claims that defendant Renteria put plaintiff in a 24 hour lockdown and used restraints causing physical numbness without disciplinary justification and in retaliation for plaintiff filing the PREA report.[2] (Id.)

Plaintiff seeks money damages. (Id.)

III. DISCUSSION

A. First Claim: Legal Mail

Under the First Amendment, prisoners have a right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a jail or prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, (1987). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)). Courts have also afforded greater protection to legal mail than non-legal mail. See Thornburgh, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of

[2] PREA is the acronym for the Prison Rape Elimination Act ("PREA").

access to the courts or counsel in order to rise to the level of a constitutional violation. See Smith, 899 F.2d at 944.

A prison's interference with legal mail may also violate an inmate's right of access to the courts which is protected by the First Amendment's right to petition the government and the due process clause of the Fourteenth Amendment. See Snyder v. Nolen, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the courts). Prison officials may not actively interfere with an inmate's right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

As currently pled, plaintiff fails to state a cognizable claim based on interference with his legal mail. Plaintiff does not identify the "evidence" he claims was removed from his letter to the Court on this one occasion. It is unclear whether this "evidence" refers to plaintiff's application to proceed in forma pauperis. In addition, as set forth above, isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. Further, plaintiff cites no injury resulting from the removal of this "evidence," or the removal of postage on a different occasion. In order to state an access to the courts claim, plaintiff must identify an actual injury he suffered as a result.

Although it is unclear whether plaintiff can allege sufficient facts to support a cognizable claim alleging interference with his legal mail, plaintiff's claim is dismissed with leave to amend.

B. Second Claim: Sixth Amendment Right to Counsel

Plaintiff's second claim also fails to state a cognizable civil rights claim. The Sixth Amendment right to counsel guarantees criminal defendants the right to legal representation for their defense in a criminal proceeding. Gideon v. Wainwright, 372 U.S. 335 (1963). Thus, plaintiff should raise this claim in his criminal proceedings. Plaintiff should not renew this claim in any second amended complaint.

C. Third Claim: Fourteenth Amendment

Plaintiff's third claim is unclear; he references "conditions of confinement," without attribution to a particular defendant, despite identifying, albeit in his fourth claim, defendant Renteria as the defendant who put plaintiff in a 24 hour lockdown. It is unclear whether these lockdowns were the same, or took place on different dates. It is also unclear whether plaintiff was chained to the table for the entire 24 hour period. It may be that plaintiff is attempting to claim that his 24 hour lockdown, which included being belly chained to a table, was an unreasonable use of force. If that is the case, plaintiff is advised that he must include more specific facts in order to state a claim on that basis.

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. "A court (judge or jury) cannot apply this standard mechanically." Id. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham, 490 U.S. at 396).

If plaintiff intends to pursue a claim alleging that a defendant used objectively unreasonable force, plaintiff must set forth specific facts and circumstances supporting a determination that the force used by the identified defendant was objectively unreasonable. See Kingsley, 576 U.S. at 397 (considerations that may bear on reasonableness of force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting"). Plaintiff's third claim is dismissed with leave to amend.

D. Fourth Claim: Retaliation (First Amendment)

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In his fourth claim, plaintiff alleges that defendant Renteria subjected plaintiff to the 24 hour lockdown in retaliation for plaintiff filing a PREA report. However, plaintiff states that he filed the PREA report two weeks before defendant Renteria's actions. Such allegation is insufficient to provide a temporal connection between the PREA report and Renteria's action. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (stating retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). While timing may be considered circumstantial evidence of retaliatory intent, "timing alone is insufficient" to support an inference that prison officials took an adverse action against a prisoner in retaliation because of a prisoner's participation in protected conduct. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (noting that plaintiff's "sheer speculation" that defendants had knowledge of his protected conduct was insufficient to show retaliatory intent). Here, plaintiff alleges no facts showing that defendant Renteria was even aware of plaintiff's PREA report. Plaintiff's retaliation claim is dismissed with leave to amend.

E. Defendant County of Stanislaus

Plaintiff included the County of Stanislaus as a defendant in his amended complaint. (ECF No. 1 at 1-2.)

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

In his amended complaint, plaintiff included no charging allegations as to defendant County of Stanislaus. (ECF No. 1 at 2-4.) In the parties' section of his pleading, plaintiff claims that Stanislaus County "operates the jail and employs the individual defendants." (ECF No. 1 at 2.) Plaintiff may not state a cognizable civil rights claim against the County of Stanislaus based solely on the fact that the County operates the jail and employs the individual defendants. Plaintiff should not include this defendant in any second amended complaint unless he can allege facts demonstrating the County's culpability under the above standards.

F. Misjoinder of Claims

Finally, plaintiff's claims are not properly raised in the same action. Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against

unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Here, at least three of plaintiff's claims arose from three different incidents involving different defendants, and therefore are not properly joined in one action.

Because the Court has found that plaintiff fails to state a cognizable civil rights claim and his amended complaint must be dismissed, the Court is not dismissing any of the claims based on misjoinder. But plaintiff is cautioned that in his second amended complaint he should pursue only those claims that are against the same defendant, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences, and that common questions of law or fact will arise from the second amended complaint. For example, if defendant Renteria is the same defendant who placed plaintiff in the 24 hour lockdown (claim three), and plaintiff can allege facts demonstrating Renteria's actions were objectively unreasonable, plaintiff can pursue those claims against defendant Renteria in the same second amended complaint as plaintiff's retaliation claims against defendant Renteria (claim four), provided plaintiff can allege facts demonstrating Renteria's retaliatory motive, as discussed above. In any event, because the unrelated claims are based on relatively recent incidents, May 2026 and later, plaintiff will not be prejudiced by their dismissal, without prejudice, from this action.

IV. LEAVE TO AMEND

The Court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The Court determines that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must

allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. However, the Court grants plaintiff leave to file a second amended complaint.

If plaintiff chooses to amend, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West, 487 U.S. at 48. Also, the second amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading and his amended complaint no longer serves any function in the case. Therefore, in the second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. MOTION FOR SUBPOENA

On August 6, 2026, plaintiff filed a motion for the issuance of a subpoena duces tecum and/or a court order directing the production of records. (ECF No. 7.) Plaintiff's motion is premature. Once plaintiff has a cognizable pleading on file and defendants have been served and appeared in this action, the Court will issue a discovery and scheduling order. At that time,

plaintiff may seek discovery from the named defendants. This Court will not issue a subpoena duces tecum directed to nonparties absent a showing that plaintiff is unable to obtain the documents from named defendants through discovery.

## VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6), as supported by his requested filed in Case No. 2:26-cv-2205 SCR, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Stanislaus County filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for subpoena and for court order (ECF No. 7) is denied without prejudice.

Dated: November 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/john2294.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE JAMES JOHNSON, JR.,<br>Plaintiff,<br>v.<br>STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al.,<br>Defendants. | No. 2:26-cv-2294 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on ______________ (date).

☐ Second Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

________________________________
Plaintiff